802 F.2d 457
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PHILIP R. DOTSON, Petitioner-Appellant
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 No. 85-5809.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1986.
 
 1
 BEFORE: MERRITT and MARTIN, Circuit Judges; and BERTELSMAN, District Judge*
 
 ORDER
 
 2
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 In this action under 28 U.S.C. Sec. 2255, petitioner is challenging the constitutionality of two 1984 criminal convictions relating to the acquisition and possession of a firearm. The district court denied the relief sought and petitioner has appealed. On appeal the parties have briefed the issues, petitioner proceeding without benefit of counsel.
 
 
 4
 Upon consideration, we find ourselves in agreement with the district court's disposition. Petitioner has advanced two grounds for relief in this action. The first ground is a double jeopardy argument based on the holding in Ball v. United States, 470 U.S. ----, 84 L.Ed.2d 740 (1985). Ball is a rejection of dual possession/receipt convictions involving a single incident of the possession of one firearm by a convicted felon. This is not germane to the case at bar wherein petitioner has been adjudged guilty of two analytically and factually distinct crimes, a false swearing offense and a firearm possession charge. Ball also involved criminal statutes differing from those in the instant cause (18 U.S.C. Sec. 922(h) as opposed to 18 U.S.C. Sec. 922(a)(6)). This claim was correctly rejected.
 
 
 5
 Petitioner's second claim, ineffective assistance of trial counsel, was also properly denied. Petitioner's assertions concerning his mental incapacity and his counsel's failure to act on it were amply contradicted by the affidavits and transcript before us. This claim is meritless. We affirm.
 
 
 6
 It appearing therefore that the question on which decision of the cause depends is so unsubstantial as not to need further argument, Rule 9(d)(3), Rules of the Sixth Circuit,
 
 
 7
 It is ORDERED that the final order of the district court be and it is hereby affirmed.
 
 
 
 *
 The Honorable William O. Bertelsman, U.S. District Judge for the Eastern District of Kentucky, Sitting by designation